IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| JIMMY RAY TURNER, K0837 | PLAINTIFF |
| VS. | CIVIL ACTION NO. 3:08cv87-LRA |
| WEXFORD HEALTH SERVICES, ET AL | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER

This cause is before the undersigned United States Magistrate Judge upon the written consent of the parties and the assignment of this case for all purposes by Order of Chief District Judge Henry T. Wingate [#88] entered on September 30, 2008. Under consideration herein are the Motion for Summary Judgment [#104] filed by Jimmy Ray Turner [hereinafter "Plaintiff"], *pro se,* and the response to Plaintiff's motion, and Motion to Dismiss or in the Alternative, Motion for Summary Judgment [#115] filed by Defendants Annie Brown, RN, Elaine Hargrove, FNP, and Wexford Health Sources, Inc. Also before the Court is Plaintiff's *ore tenus* motion requesting that Rochelle Walker, M.D., be voluntarily dismissed as a Defendant. This motion was made at the omnibus/ *Spears* hearing conducted on August 19, 2009. Transcript pp. 11, 1.19-12, 1.8.

Having considered the Motions, as well as the applicable law, and the sworn testimony given by Plaintiff at the omnibus/ *Spears* hearing, the Court finds that Defendants' motion is meritorious and shall be granted, and that this case shall be dismissed with prejudice as to the movant Defendants. Plaintiffs' motion as to these Defendants shall be denied. Plaintiff's *ore tenus* motion to dismiss Defendant Rochelle Walker, MD, is granted.

1

## I. Background and Procedural History

The facts as testified to by Plaintiff are as follows. While he was incarcerated in the Central Mississippi Correctional Facility in 2007, he was provided medical care by Defendant Wexford through treatment by various health care professionals, including Annie Brown, RN, Elaine Hargrove, FNP, and Rochelle Walker, MD. In the morning hours on September 16, 2007, he heard a pop in his chest and could not breathe. He walked to the dining hall and asked the guard to call the clinic. He was taken to the clinic and treated by nurse Annie Brown. She gave him a breathing treatment and told him he would not be able to talk if his lung had collapsed. She told him to fill out another sick call request if he wanted to see a doctor. He did.

He was treated by Elaine Hargrove, FNP, on September 18th. She gave him another breathing treatment and told him she would set up x-rays for the following day. This did not occur. On September 23, he placed another sick call request for x-rays, and x-rays were taken that day. On September 26, Elaine Hargrove informed him his lung had collapsed, and five-ten minutes later, an ambulance arrived to take him to the Central Mississippi Methodist Medical Center. According to Plaintiff, the doctors tried to pump up his lung but it would not inflate. They performed surgery on October 4th and he was released from the hospital on October 10th.

Plaintiff contends that both Defendant Hargrove and Defendant Brown failed to give him the correct treatment; they should have immediately taken him to the hospital. Because of their actions, he suffered for ten days and ten nights from his collapsed lung.

2

He concedes that they treated him, performed breathing treatments, secured x-rays, and got him to the hospital within ten days after he first complained. He contends that they should have taken him to see a doctor and taken x-rays and transported him to the hospital more quickly. He concedes that the surgery to his lung was successful, although he got a staph infection after the surgery and his chest still hurts. Plaintiff also contends that he is housed where people smoke cigarettes, and the secondhand smoke contributed to his lung condition.

## II. Legal Standard

Summary judgment is only appropriate where there is no genuine issue as to any material fact and the Defendants are entitled to a judgment as a matter of law." FED. R. CIV. P. 56( C ). All of the undisputed facts, and any inferences that may be drawn from those facts, "must be viewed in the light most favorable to the non-moving party," who is entitled "to have the credibility of his evidence as forecast assumed, his version of all that is in dispute accepted, [and] all internal conflicts in it resolved favorable to him." Miller v. Leathers, 913 F.2d 1085, 1086 (4th Cir. 1990), quoting Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). The substantive law establishes those elements on which a plaintiff bears the burden of proof at trial; only facts relevant to those elements of proof are considered for summary judgment purposes. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of **material** fact exists.

In this case, the applicable law concerns the medical care that these Defendants were required to provide the Plaintiff, an inmate in their custody. Plaintiff concedes that he received much medical care while at CMCF; he was displeased with the care and contends that the care was unduly delayed.

The Eighth Amendment prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical needs of prisoners. Estelle v. Gamble, 429 U.S. 97, 104(1976); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999). The prisoner plaintiff must show **objectively** that he was exposed to a **substantial risk** of serious harm before any liability can be found. Farmer v. Brennan, 511 U.S. 825, 834 (1994), cited in Lawson v. Dallas County, 286 F.3d 257 (5th Cir. 2002). Then, he must show that jail officials acted or failed to act with **deliberate indifference** to that risk. Id. The standard for finding "deliberate indifference" is a **subjective** inquiry, and the prisoner must show that the jail officials were actually aware of the risk, yet consciously disregarded or ignored it. *Id.* at 837, 839. Deliberate indifference requires **actual knowledge and conscious disregard** of the risk of harm to the plaintiff. *Id.*

In Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006), the Court of Appeals for the Fifth Circuit summarized the case law regarding the standard of "deliberate indifference" to the medical concerns of prisoners in part as follows:

> ... A prison official acts with deliberate indifference "only if [(A)] he knows that inmates face a substantial risk of serious bodily harm and [(B)] he disregards that risk by failing to take reasonable measures to abate it." Unsuccessful medical treatment, acts of negligence, or medical malpractice do not

> constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. "Furthermore, the decision whether to provide additional treatment 'is a classic example of a matter for medical judgment.'" A showing of deliberate indifference requires the prisoner to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" "Deliberate indifference 'is an extremely high standard to meet.'"

463 F.3d at 346 (citations and footnotes omitted).

### III. Analysis

Defendants have attached portions of Plaintiff's medical records which detail his treatment during the time period for which he complains. See Exhibit "A" to Defendants' Response and Motion, document 117. These records confirm that Plaintiff was provided extensive medical treatment for his lung condition. According to Plaintiff, Defendant Brown treated him only one time, at his initial visit to the clinic on September 16.

In this case, Plaintiff's own testimony negates a finding that these Defendants refused to treat him, ignored his complaints, *intentionally* treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for serious medical needs. Domnio v. Texas Dept. Of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001), citing Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985). Taking all of Plaintiff's testimony as true, no such showing of deliberate indifference can be made against these Defendants.

The Court has carefully considered the records of the medical treatment Plaintiff received, as well as his testimony and allegations. These do not conflict in substance. A synopsis of his lengthy medical treatment shall not be repeated herein. Suffice to say, Annie Brown examined Plaintiff on one occasion, on September 16, 2007, and gave him breathing treatments. She noted that he was short of breath and that he had wheezing in his chest. However, his blood pressure was normal, and his pulse was 60 with an increase to 89 after a breathing treatment. His 02 saturation was 93% and increased to 99% after the breathing treatment. See Exhibit A, 000046. This was the only contact Defendant Annie Brown had with Plaintiff, and any failure to treat or error in judgment regarding her treatment of Plaintiff can constitute negligence, at best. No finding of deliberate indifference can be made under these circumstances.

After placing additional sick call requests, Plaintiff was treated by Defendant Elaine Hargrove, FNP on September 18, 2007, with complaints of right rear upper chest pain. Exhibit "A" 000042. Plaintiff reported sharp chest pains with deep breaths, and reported that his pain started when he was around a lot of cigarette smoke. Defendant Hargrove noted the presence of wheezing bilaterally. His heart rate was regular. Defendant Hargrove continued nebulizer treatments and ordered a chest x-ray. Exhibit "A" 000005.

On September 21, 2007, Plaintiff completed another sick call request, reporting that he was supposed to have had chest x-rays done on the 19th but had not been called. Exhibit "A" 000043. He also reported that he had mucous in his lung and requested medication; he attributed the mucous increase to his continued exposure to smoke. He

reported that he had been coughing all night and needed cough medication. The nurse reported that his x-ray had been taken that morning, September 21st. His blood pressure, pulse, and respirations were all normal and he was in no acute distress. He was given a breathing treatment along with Coriciden and was instructed to return to the clinic as needed, or if his symptoms worsened.

The nurse's note indicates that Plaintiff's chest x-ray was taken on September 21st, but the report on the x-ray was dated September 24th, and it was not dictated until the 26th. The x-ray indicated the presence of a large right pneumothorax.[1] Exhibit "A" 000186. Based on these results, Defendant Hargrove ordered Plaintiff be immediately transferred to Central Mississippi Medical Center by ambulance on September 26th, the date the report was dictated. After arriving at CMMC, Plaintiff was treated by other medical professionals, not these Defendants. His care at CMMC is not at issue in this lawsuit.

Plaintiff eventually underwent a fiberoptic bronchoscopy and bronchoalveolar lavage to the right lower lobe of his lung. Exhibit "A" 000245-248. The surgeon also performed a talc pleurodesis[2] and placed a Blake drain in his lung. Plaintiff was discharged from the

---

[1] A "pneumothorax" is the presence of free air or gas in the pleural cavity. Stedman's Medical Dictionary, 27th Ed. (2000). It can occur spontaneously or as the result of disease or injury to the lung, or due to a puncture to the chest wall. A pneumothorax can result in a collapsed lung, or can be created therapeutically to collapse a lung.

[2] A "pleurodesis" is the creation of a fibrous adhesion between the visceral and parietal layers of the pleura, thus obliterating the pleural cavity; it is performed surgically by abrading the pleura or by inserting a sterile irritant into the pleural space, and applied as treatment in cases of pneumothorax, and other conditions. Stedman's Medical

hospital on October 10, 2007. His discharge diagnoses were spontaneous pneumothorax, bronchopleural fistula, asthma exacerbation and bacterial pneumonia. Exhibit "A" 000276.

Plaintiff also complains of his medical care after his return to the prison. However, he does not charge Defendant Brown or Hargrove with any further inaction. His medical records confirm that he was given additional medical treatments thereafter. His wound apparently became infected, and he was treated successfully for the infection. "Exhibit "A" 00004, 36, 39. Plaintiff concedes that the surgery to repair his lung was successful. *Spears* transcript pp. 16, 1. 18-17, 1.7.

None of Plaintiff's claims, as described by him, and as augmented by his medical records, would involve anything more than **negligence**, and, negligent medical care does not constitute a valid section 1983 claim. Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993). Delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm. Id. There is no indication that these Defendants were indifferent to his condition, as they treated him. Any delay in medical care was negligence at most and did not result in substantial harm; the treatment would have been necessary even had no delay occurred. Plaintiff was treated for his medical complaints, and the records clearly negate any claims of "deliberate indifference" to his serious medical needs.

---

Dictionary, 27th Ed. (2000).

Plaintiff was obviously not satisfied with his medical care during his incarceration. That is unfortunate, but his displeasure is not indicative of unreasonable care or of a "deliberate indifference" to a serious medical need. He has not set forth an arguable constitutional claim in his complaints regarding his medical care against these Defendants, and Defendants' proffer of medical records clearly show that no arguable fact exists in this case. The records do not conflict with Plaintiff's testimony or claims in any substantial way: the care he received negates any finding of deliberate indifference on the part of Defendant Brown or Hargrove, or any employee of Defendant Wexford. Section 1983 does not create vicarious liability for private corporations such as Wexford, for the actions or inactions of its employees who provide medical care to inmates. Powell v. Shopco Laurel Co., 678 F.2d 504, 506 (1982).

Plaintiff also charges that Defendants failed to remove him from second hand cigarette smoke after his doctor ordered it. These Defendants have no authority regarding the transfer of Plaintiff to different zones, nor are they responsible for the smoking policies at CMCF. Accordingly, no liability on the part of Defendant Brown, Hargrove, or Wexford can be established due to the smoking policies of MDOC or the housing of Plaintiff.

## IV. Conclusion

For the above discussed reasons, and for all the reasons set forth in Defendants' motion and memoranda, with attached exhibits, the Court finds that Defendants' motion should be **granted**, that the complaint be dismissed with prejudice, and that Final Judgment in favor of Defendant Wexford Health Sources, Inc., Annie Brown, RN, and Elaine

Hargrove, FNP, should be entered. Additionally, Plaintiff's *ore tenus* motion that Defendant Rochelle Walker be dismissed is **granted**, and she is finally dismissed from this lawsuit.

IT IS THEREFORE ORDERED that this case is hereby dismissed with prejudice, and Final Judgment has been entered on this date in favor of these Defendants.

IT IS SO ORDERED, this the 27th day of July, 2009.


S/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE